PAUL K. CHARLTON
United States Attorney
District of Arizona

RICHARD I. MESH
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 002716
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Gregory Allen Evans,<br>a/k/a Mark Allen<br><br>   Defendant. | CR-04-0276-05-PHX-SMM<br><br>**PLEA AGREEMENT**<br><br>(Sentencing Guidelines<br>Are Applicable --<br>Cooperation/Testimony Required) |

Plaintiff, United States of America, and defendant, Gregory Allen Evans, hereby agree to the following disposition of this matter:

**PLEA**

Defendant will plead guilty to Count 37 of the indictment charging defendant with a violation of Title 18, United States Code, Section 371, Conspiracy to Commit Bank Fraud, 18 United States Code 1344, a Class D felony offense, having been committed between April 1999 and June 2000.

**TERMS**

Defendant understands that the guilty plea is conditioned upon the following terms, stipulations, and requirements:

1. **Maximum Penalties**

   a. A violation of Title 18, United States Code, Section 371, Conspiracy to Commit Bank Fraud, is punishable by a maximum fine of $250,000, a maximum term of imprisonment of five

cc: AUSA, Defense Counsel, PROB

years, or both and a term of supervised release of three years. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

    (1) Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

    (2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(e) of the Guidelines, the defendant establishes the applicability of the exceptions found therein;

    (3) Order the defendant, pursuant to Title 18, United States Code, Section 3583 and Section 5D1.1 and 2 of the Guidelines to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

    b. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. **Cooperation Required**

    The defendant will cooperate with the United States on the following terms and conditions.

    a. Defendant will waive the Fifth Amendment privilege against self-incrimination and will provide information in an interview and testify completely and truthfully at any time and any place requested by the United States, including at any state or federal grand jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, civil and criminal trial, retrial or post-trial hearing. However, defendant shall answer all questions on cross-examination and redirect examination truthfully and completely, asked by any party.

  b. All such information and testimony shall be truthful, honest, candid, and complete with no knowing material false statements or omissions. Such information and testimony shall include all criminal activity known to the defendant.

  c. Defendant will be available for interviews by attorneys and law enforcement officers from the government upon request and reasonable notice.

  d. Defendant will provide the United States with all documents, records, memoranda and the like, at the request of the United States, within the defendant's custody and control or to which the defendant has access which are related to the subject matter of the investigation or case.

  e. Defendant will neither attempt to protect any person or entity through false information or omissions nor falsely implicate any person or entity.

  f. Defendant will not reveal that defendant is cooperating, or any information derived therefrom, to any third party without prior consent from the United States Attorney's Office.

  g. Defendant agrees to notify the United States Attorney's Office of any contacts with any co-defendants or subjects or targets of the investigation, or their counsel, and agrees to provide prior notice of, and an opportunity for the government to be present at, any interviews between the defendant and any individual not employed by the government regarding any matter related to this case or any other investigation.

  h. In the event the defendant or the defendant's family is harassed, threatened or otherwise subjected to intimidation because of defendant's cooperation, the United States shall in its complete discretion, take appropriate action to protect defendant and the defendant's family.

  i. Nothing in this agreement requires the United States to accept any cooperation or assistance the defendant may choose to proffer. The decision whether and how to use any information and/or cooperation that defendant provides is in the exclusive reasonable discretion of this office.

  j. Defendant will not violate any local, state, federal or foreign laws.

1       k.     <u>Defendant Not in Custody</u>   The defendant shall comply with all terms and
2 conditions of his release.

3       l.     The defendant will also provide all information concerning all forfeitable assets.
4 Moreover, defendant will identify all assets subject to forfeiture and shall transfer such property
5 to the United States by delivery, to law enforcement agents designated by this office, of all
6 necessary and appropriate items and documents under defendants custody and control.

7       m.     Defendant shall not knowingly contact any person who has been criminally
8 charged in any forum, except any family members of the defendant regarding innocent family
9 matters.

10       n.     Self-incriminating information provided by the defendant during cooperation
11 involving criminal activity for which the defendant has not been or will not be charged pursuant
12 to this agreement will not be used against the defendant and in particular will not be used in
13 determining defendant's applicable guideline range pursuant to Section 1B1.8 of the Sentencing
14 Guidelines.

15       o.     Nothing shall limit the United States' methods of verifying the truthfulness of
16 defendant's statements. The United States may confirm the accuracy of any information which
17 defendant provides under the terms of this agreement by use of any investigative means which
18 it deems appropriate and necessary. Whether there has been a complete, truthful and candid
19 disclosure by the defendant will be evaluated and decided by the United States Attorney for the
20 District of Arizona and by him alone. As part of this process, in the sole discretion of the United
21 States, the defendant agrees to submit to a polygraph examination to verify any information the
22 defendant may provide to the United States, including but not limited to defendant's assets. Such
23 examination will be concluded by a polygrapher chosen and conducted in a manner determined
24 in the sole discretion of the United States. Neither party shall object to the admissibility in
25 evidence of the results of such examination in any proceeding to enforce or set aside this
26 agreement in which compliance with the terms of this agreement are in issue.

27       p.     The plea of guilty shall be entered as soon as practicable.

28

q. The sentencing on the guilty plea will be deferred, with consent of the court, for a period of 3 months, and, after such initial period, upon recommendation of the United States and agreement by this court, may be deferred for additional periods. It is the intention of the parties that sentencing on the instant charges be postponed until such time as defendant's cooperation has been completed.

3. **Agreements Regarding Sentencing**

a. <u>Recommendation By The Government</u>  At the conclusion of defendant's cooperation, pursuant to this agreement, the United States will in its sole discretion, at the time of sentencing, move pursuant to Title 18, United States Code, Section 3553(e), Title 28, United States Code, Section 994(n) and Sentencing Guidelines Section 5K1.1 that the court depart from the Guidelines and impose a sentence below a level established by law as the minimum sentence to reflect defendant's substantial assistance in the investigation and prosecution. The United States' recommendation of a sentence below the minimum guidelines will be made according to Sentencing Guidelines Section 5K1.1. The specific terms of the recommendation under this agreement will be made at the time of sentencing.

b. Defendant understands that while the court may take the defendant's cooperation into account in determining the sentence to be imposed, the court is neither a party to nor bound by this agreement and specifically the court has complete discretion to impose the maximum sentence possible for the crime to which defendant has plead. Defendant further understands that if the court imposes a sentence different from what the United States recommends, the defendant will not be permitted to withdraw the guilty plea.

c. If the court, after reviewing the plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement giving the defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

     d.    <u>Other Agreements</u> Pursuant to Fed. R. Crim. P.11 (c)(1)(C), the parties stipulate that the determination of the level of offense calculated in accordance with United States Sentencing Guidelines shall be based upon the loss incurred from fraudulent student loan applications personally prepared by the defendant during April 1999 through December 1999, rather than vicarious liability arising from all losses attributable to the conspiracy.

     e.    The United States will bring the nature and extent of defendant's cooperation to the attention of the court, and the Bureau of Prisons, if applicable, at sentencing and any other appropriate time. The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

     f.    Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense, if the defendant is eligible for the two-point reduction pursuant to Section 3E1.1 of the Guidelines and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, and provided defendant accepts the terms of this agreement no later than July 1, 2004 the United States will recommend a three-point reduction in the applicable sentencing guideline offense level, pursuant to Section 3E1.1 of the Guidelines.

     g.    <u>Criminal History Options</u> This plea agreement is expressly conditioned upon the accuracy of the defendant's criminal history as known by the government at the time of the plea to wit: no prior felony convictions. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement.

**4.**    **Breach of the Agreement**

If the defendant fails to comply with any obligation or promise pursuant to this agreement, the United States:

      (1)    may, in its sole discretion, declare any provision of this agreement null and void in accordance with paragraph (6) below and the defendant understands that the defendant will not be permitted to withdraw the plea of guilty made in connection with this agreement;

      (2)    may prosecute the defendant for any offense known to the United States for which the defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;

      (3)    may argue for a maximum statutory sentence for the offenses to which defendant has pled guilty;

      (4)    may use in any prosecution any information, statements, documents, and evidence provided by defendant both before and after the plea agreement including derivative evidence;

      (5)    may advise the Bureau of Prisons that defendant is no longer a cooperating witness, and recommend redesignation of defendant to a higher custodial level.

      (6)    If there is a dispute regarding the obligations of the parties under this agreement, the United States District Court shall determine whether the United States or the defendant has failed to comply with this agreement including whether the defendant has been truthful.

**5.    Agreement to Make Restitution**

Defendant specifically agrees to make restitution to the United States of America and SunTrust Bank in an amount as determined appropriate by the Court.

**6.    Agreement to Dismiss or Not to Prosecute**

Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss the following charges: Counts 1-36 of this indictment.

    a.    This office will not prosecute the defendant for any offenses committed by the defendant in connection with Federal Bureau of Investigation case # 196D-PX-66982.

     b.    This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

     c.    The United States is not presently aware of any federal or state investigations or charges pending against the defendant.

**7.**    **Waiver of Defenses and Appeal Rights**

     a.    Defendant hereby waives any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement.

     b.    <u>Government's Waiver</u> This agreement does not affect in any way the right of this office, under Section 3742, to appeal this sentence imposed by the court.

**8.**    **Perjury and Other False Statement Offenses or Other Offenses**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

**9.**    **Reinstitution of Prosecution**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**10. Disclosure of Information to U.S. Probation Office**

Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department including, but not limited to:

(1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(2) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(3) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

**11. Forfeiture, Civil, and Administrative Proceedings**

a. Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

b. Defendant will identify all assets and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of any crime charged in this indictment. Defendant will testify truthfully in any civil forfeiture proceeding.

c. Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

**FACTUAL BASIS**

I further agree that if this matter were to proceed to trial the United States could prove the following elements of the crime and the facts of the case beyond a reasonable doubt:

**Elements of the Crime of Bank Fraud, Title 18 United States Code, Section 1344(2).**

First, the defendant knowingly carried out a scheme or plan to obtain money or property from the SunTrust Bank by making false statements or promises;

Second, the defendant knew that the statements or promises were false;

Third, the statements or promises were material, that is they would reasonably influence a bank to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, SunTrust Bank was federally insured.

Source: 9th Cir. Crim. Jury Instr. 8.106 (2000).

**Elements of the Crime of Conspiracy to Defraud United States, Title 18, United States Code, Section 371.**

First, beginning on or about the date and ending on or about the date listed in the indictment and within the District of Arizona, there was an agreement between two or more persons to commit at least one crime as charged in the indictment, to wit: 18 U.S.C. § 1344, Bank Fraud;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Source: 9th Cir. Crim. Jury Instr. 8.16 (2000).

**Facts of the Case:**

I, GREGORY ALLEN EVANS, while in the District of Arizona, was employed through December 1999, by Valley Acceptance Corporation as a debt collector with an emphasis in collecting defaulted student loans. During that time, I received from the company president,

1  Robert C. Hazlett, student loan files for collection with instructions from him to prepare
2  applications for new consolidated loans using false information. I completed numerous student
3  loan consolidation applications with knowingly false information regarding the students' prior
4  loan payment histories. I falsely listed that the applicants had made payments on their previous
5  loans. This was done in order to qualify the borrowers for their new consolidated loans. I also
6  falsified applications to show defaulted loans were in a repayment status which I knew was not
7  true. After finishing the applications, I presented them to Robert C. Hazlett or another employee
8  of the company who forwarded them to SunTrust Bank for funding of the loans. I would receive
9  a share of the fees paid to Valley Acceptance Corporation as a result of the processing of
10 fraudulent student loan applications after its approval by the SunTrust Bank.

12     I understand that I will have to swear under oath to the accuracy of this statement, and if
13 I should be called upon to testify about this matter in the future, any intentional material
14 inconsistencies in my testimony may subject me to additional penalties of perjury or false
15 swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

18     I have read each of the provisions of the entire plea agreement with the assistance of
19 counsel and understand its provisions.
20     I have discussed the case and my constitutional and other rights with my attorney. I
21 understand that by entering my plea of guilty I will be giving up my rights to plead not guilty,
22 to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present
23 evidence in my defense, to remain silent and refuse to be a witness against myself by asserting
24 my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed
25 innocent until proven guilty beyond a reasonable doubt.
26     I agree to enter my guilty plea as indicated above on the terms and conditions set forth
27 in this agreement.

1. I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

2. My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

3. I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

4. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

5. I am satisfied that my defense attorney has represented me in a competent manner.

6. I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

_____6/21/04_____   _____/s/ Gregory Evans_____
Date                              Gregory Allen Evans
                                  Defendant

## **DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

6-21-0*(?)*
Date

Dana Carpenter
Attorney for Defendant

///
///
///

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement of Gregory Allen Evans. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

June 9, 2004
Date

Richard I. Mesh
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

2-16-06
Date

Hon. Steven M. McNamee
United States District Judge